UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Taijza Bailey,
Plaintiff,

v.

Sheriff Robert Hardwick, in his official capacity as Sheriff of St. Johns County;
Officer Jason Briggs, in his individual capacity;
Kelvi Xhuke, individually;
Brittany Xhuke, individually;
Remodeling Management Service, Inc.,
Defendants.

Case No.: 3:25-CV-01040-WWB-PDB

# COMPLAINT FOR DAMAGES, DECLARATORY, AND INJUNCTIVE RELIEF

**INTRODUCTION**

1. This is a civil rights and tort action brought under 42 U.S.C. §§ 1983, 1985, and 1986, the Fourth and Fourteenth Amendments to the United States Constitution, and Florida state law.

2. Plaintiff, Taijza Bailey, was a lawful resident of 33 Crown Colony Road, St. Augustine, Florida.

3. On March 5, 2025, Plaintiff was unlawfully dispossessed of her residence pursuant to an unauthorized writ of possession not signed by a judge.

4. During the eviction, Officer Jason Briggs tased and arrested Plaintiff without a warrant or probable cause, and she was detained for over 24 hours.

5. Plaintiff's personal belongings — including her bedroom set, clothing, books, collectable items, and electronics — were wrongfully taken and retained by Defendants Kelvi and Brittany Xhuke, and Remodeling Management Service, Inc.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction under 28 U.S.C. § 1331 because this action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983 (civil action for deprivation of rights) and 42 U.S.C. § 1985(3) (civil rights conspiracy).

7. This Court has jurisdiction under 28 U.S.C. § 1343(a)(3)–(4) because this action seeks to redress the deprivation of constitutional rights and secure damages and equitable relief under federal civil rights laws.

8. This Court has supplemental jurisdiction over Plaintiff's state law claims, including conversion and assault and battery, under 28 U.S.C. § 1367(a) because they arise out of the same case or controversy as the federal claims.

9. Venue is proper in this Court under 28 U.S.C. § 1391(b) because all events giving rise to this complaint occurred in St. Johns County, Florida, within the Middle District of Florida.

**RESERVATION OF RIGHTS**

10. Plaintiff is currently facing pending state criminal charges arising from the March 5, 2025 incident.

11. Plaintiff does not, by this Complaint, seek to invalidate or interfere with those proceedings.

12. Plaintiff asserts only those claims that can be adjudicated independently of the outcome of the state prosecution, including excessive force, conversion of property, assault and battery, and conspiracy to deprive civil rights.

13. Plaintiff expressly reserves the right to pursue additional claims, including unlawful arrest and false imprisonment, following the resolution of the state prosecution.

**PARTIES**

14. Plaintiff, Taijza Bailey, is a Florida resident and was a lawful occupant of 33 Crown Colony Road.

15. Defendant, Sheriff Robert Hardwick, is sued in his official capacity as the policymaker and supervisor of the St. Johns County Sheriff's Office.

16. Defendant, Officer Jason Briggs, is sued in his individual capacity for his personal participation in Plaintiff's arrest, tasing, and use of excessive force.

17. Defendants Kelvi and Brittany Xhuke are private actors who wrongfully took possession of Plaintiff's belongings. They are named only in Counts III and IV below.

18. Defendant, Remodeling Management Service, Inc., is a corporate entity that wrongfully retained Plaintiff's belongings.

**FACTUAL ALLEGATIONS**

19. Plaintiff lawfully resided at 33 Crown Colony Road with her mother, Shakeysha Fludd.

20. On March 5, 2025, deputies executed a writ of possession that was unauthorized and unsigned by a judge.

21. The same writ has been submitted as Exhibit C in the complaint of Fludd v. Wells Fargo, et al., Case No. 3:25-CV-976, which Plaintiff incorporates herein by reference as if fully set forth.

22. During the eviction, Officer Jason Briggs arrested and tased Plaintiff without legal justification, despite her being unarmed and non-threatening.

23. Plaintiff was imprisoned for more than 24 hours before release.

24. Plaintiff's personal belongings — including her bedroom set, clothes, books, collectable items, and electronics — remained in the home.

25. While her mother submitted certified mail and return receipts demanding return of household belongings (see Exhibit F in Fludd v. Wells Fargo), Plaintiff asserts her independent claim regarding her own personal belongings.

26. Plaintiff has also submitted a civil rights complaint to the United States Department of Justice Civil Rights Division, reporting the unlawful eviction, excessive force, and deprivation of property alleged herein.

27. Plaintiff affirms she was booked and detained at the St. Johns County Jail for more than 24 hours following her arrest on March 5, 2025. Plaintiff will provide certified booking and release records, as well as additional supporting evidence including medical documentation of taser injuries and photographs of personal belongings, during discovery and reserves the right to supplement this Complaint with further exhibits.

28. Plaintiff attaches her photographs of taser injuries sustained during her unlawful arrest on March 5, 2025, as Exhibit 1 to this Complaint. These photographs provide direct evidence of the excessive force used against her. Plaintiff will provide additional exhibits, including certified booking and release records, medical documentation, and photographs of personal belongings, during discovery and expressly reserves the right to supplement the evidentiary record.

**CLAIMS FOR RELIEF**

***Count I – Excessive Force (42 U.S.C. § 1983; Fourth & Fourteenth Amendments)***

29. Plaintiff realleges and incorporates paragraphs 19–28 of the Factual Allegations as if fully set forth herein.

30. This claim is brought against Defendant Officer Jason Briggs in his individual capacity.

31. On March 5, 2025, Defendant Briggs used excessive force when he deployed a taser against Plaintiff, who was unarmed and non-threatening.

32. The force used was objectively unreasonable and violated Plaintiff's Fourth Amendment right to be free from unreasonable seizures. Graham v. Connor, 490 U.S. 386 (1989).

33. The use of the taser also deprived Plaintiff of her Fourteenth Amendment substantive due process rights to bodily integrity and liberty.

34. As a direct and proximate result, Plaintiff suffered physical pain, trauma, and emotional distress.

WHEREFORE, Plaintiff respectfully requests judgment in her favor on this Count, including compensatory damages, punitive damages, declaratory relief, injunctive relief, attorneys' fees, and such other relief as this Court deems just and proper.

***Count II – Assault & Battery (Florida Law)***

35. Plaintiff realleges and incorporates paragraphs 19–28 of the Factual Allegations as if fully set forth herein.

36. This claim is brought against Defendant Officer Jason Briggs in his individual capacity.

37. Defendant Briggs intentionally threatened and used unlawful physical force by deploying a taser against Plaintiff.

38. This conduct placed Plaintiff in fear of imminent harmful contact (assault) and resulted in harmful, offensive contact (battery). Quilling v. Price, 894 So.2d 1061 (Fla. 5th DCA 2005).

39. As a direct and proximate result, Plaintiff suffered physical pain, trauma, and emotional distress.

WHEREFORE, Plaintiff respectfully requests judgment in her favor on this Count, including compensatory damages, punitive damages, declaratory relief, injunctive relief, attorneys' fees, and such other relief as this Court deems just and proper.

***Count III – Conversion (Florida Law; Fourth & Fourteenth Amendments)***

40. Plaintiff realleges and incorporates paragraphs 19–28 of the Factual Allegations as if fully set forth herein.

41. This claim is brought against Defendants Kelvi Xhuke, Brittany Xhuke, and Remodeling Management Service, Inc.

42. Plaintiff's personal belongings — including her bedroom set, clothing, books, and electronics — remained in the home at the time of the eviction.

43. Defendants wrongfully took and retained Plaintiff's belongings without her consent.

44. Their conduct constitutes conversion under Florida law.

45. The wrongful deprivation of Plaintiff's property, without judicial authority or due process, also violated her rights under the Fourth Amendment (unreasonable seizure) and Fourteenth Amendment (due process protection against deprivation of property without lawful process). Fuentes v. Shevin, 407 U.S. 67 (1972); Soldal v. Cook County, 506 U.S. 56 (1992).

46. Plaintiff expressly reserves the right to assert a claim for civil theft under Fla. Stat. § 772.11 following issuance of a written demand and expiration of the 30-day statutory period.

WHEREFORE, Plaintiff respectfully requests judgment in her favor on this Count, including compensatory damages, punitive damages, declaratory relief, injunctive relief, attorneys' fees, and such other relief as this Court deems just and proper.

***Count IV – Civil Rights Conspiracy (42 U.S.C. § 1985(3); Fourteenth Amendment)***

47. Plaintiff realleges and incorporates paragraphs 19–28 of the Factual Allegations as if fully set forth herein.

48. This claim is brought against Defendant Officer Jason Briggs (individual capacity), Defendant Kelvi Xhuke, and Defendant Brittany Xhuke.

49. On March 5, 2025, Defendant Briggs, acting under color of state law, and private actors Kelvi and Brittany Xhuke acted jointly to deprive Plaintiff of her constitutional rights.

50. Briggs enforced an unauthorized writ of possession to remove Plaintiff, while the Xhuke Defendants assumed possession of the home and retained Plaintiff's belongings.

51. The coordination between Briggs' actions and the Xhukes' immediate possession of the property demonstrates a concerted plan to deprive Plaintiff of her Fourteenth Amendment rights to due process and equal protection of the laws. Griffin v. Breckenridge, 403 U.S. 88 (1971).

WHEREFORE, Plaintiff respectfully requests judgment in her favor on this Count, including compensatory damages, punitive damages, declaratory relief, injunctive relief, attorneys' fees, and such other relief as this Court deems just and proper.

*Count V – Neglect to Prevent (42 U.S.C. § 1986; Fourteenth Amendment; Monell Liability)*
52. Plaintiff realleges and incorporates paragraphs 19–28 of the Factual Allegations as if fully set forth herein.

53. This claim is brought against Defendant Sheriff Robert Hardwick in his official capacity.

54. Defendant Hardwick had supervisory authority to prevent the unlawful eviction, use of excessive force, and conversion carried out by his deputies.

55. Defendant Hardwick knew or should have known that deputies were executing a writ of possession unsigned by a judge and therefore invalid, yet failed to intervene.

56. Defendant Hardwick maintained policies, practices, or customs of allowing deputies to execute evictions without verifying judicial authorization. See Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978).

57. By failing to train, supervise, or discipline deputies regarding execution of writs of possession and taser use, Hardwick exhibited deliberate indifference to constitutional rights. City of Canton v. Harris, 489 U.S. 378 (1989).

58. Defendant Hardwick's neglect enabled violations of Plaintiff's Fourth Amendment right against unreasonable seizures and Fourteenth Amendment right to due process, in violation of 42 U.S.C. § 1986.

WHEREFORE, Plaintiff respectfully requests judgment in her favor on this Count, including compensatory damages, punitive damages, declaratory relief, injunctive relief, attorneys' fees, and such other relief as this Court deems just and proper.

*Reserved Claim – Unlawful Arrest/False Imprisonment (Not Asserted at This Time)*
59. Plaintiff preserves her right to pursue a claim for unlawful arrest and false imprisonment once her related state criminal prosecution concludes. Wallace v. Kato, 549 U.S. 384 (2007); Heck v. Humphrey, 512 U.S. 477 (1994).

**DAMAGES AND RELIEF REQUESTED**

a. Compensatory damages for physical pain, emotional distress, and loss of property in an amount to be determined at trial, but not less than Seventy-Five Million Dollars ($75,000,000).

b. Punitive damages against individual defendants for willful misconduct.

c. Declaratory judgment that the eviction and use of force were unconstitutional under the Fourth and Fourteenth Amendments.

d. Injunctive relief, including return of belongings and protection from future violations of Plaintiff's rights.

e. Attorneys' fees and costs under 42 U.S.C. § 1988.

f. Any other relief deemed just and proper.

**VERIFICATION**

I, Taijza Bailey, declare under penalty of perjury that the foregoing facts stated in this Complaint are true and correct to the best of my knowledge.

Dated: 09/04/2025

*Taijza Bailey*
Taijza Bailey, Plaintiff (Pro Se)
PO Box 294
St Augustine, FL 32085
202-596-0125
Saffyre97@gmail.com

**EXHIBITS**

Exhibit 1 – Photographs of taser injuries sustained on March 5, 2025.